# NO. 12-12-00182-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NATALIE JOHNSON,*<br>*APPELLANT* | § | *APPEALS FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Natalie Johnson appeals her conviction for aggravated sexual assault of a child, for which she was sentenced to imprisonment for twenty-five years. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child. Appellant pleaded "guilty" as charged. The trial court accepted Appellant's plea, and the matter later proceeded to a trial on punishment. Following the trial on punishment, the trial court sentenced Appellant to imprisonment for twenty-five years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v.*

*State*.  Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well acquainted with the facts in this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's *Anders* brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Thereafter, Appellant filed a pro se brief in which she raised the following issues:[1]  (1) she received ineffective assistance of counsel; (2) her "guilty" plea was not entered voluntarily; (3) her Sixth Amendment right to confrontation was violated; (4) she was not provided ample opportunity to review the presentence investigation report (PSI); (5) no witnesses were called to testify concerning the PSI's contents; (6) the trial court improperly relied on the PSI in determining Appellant's sentence; (7) the trial court failed to conduct an in-camera interview with the victim; and (8) her sentence amounted to cruel and unusual punishment.  We have reviewed the record for reversible error and have found none.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the trial court's judgment is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for

---

[1] In the interest of justice, we have construed liberally the issues presented in Appellant's brief.

discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 19, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JUNE 19, 2013**

**NO. 12-12-00182-CR**

**NATALIE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No.2011-0504)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*